W. R. BELL *v.* WM. BLACK, et. al.

A co-defendant cannot be made a witness against the plaintiff.
A plaintiff must make out a clear case before a court of justice.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
*C. Roselius & Alfred Phillips* for plaintiff. *Robert Mott* for defendants and appellants.

LABAUVE, J. The plaintiff, a livery stable keeper, hired a horse and buggy to the defendants in July, 1857, for a drive on the shell road; the horse suddenly died in the buggy on the way. The plaintiff alleges, in substance, that the death of the horse was owing to the careless and negligent management, and by wilful and reckless driving, said Black and O'Leary injured said horse, so that he died from the effects and results of said driving. He claims $400 for the value of the horse, and $9 for the hire of the horse and buggy, one shaft broken, and bringing the buggy home; in all $409. The court below, after hearing the testimony, gave judgment for plaintiff for the amount claimed, with interest; from this judgment defendants appealed. The defendants answered separately: Black admits the hiring, and says that his co-defendant had nothing to do with the hiring; that O'Leary was his invited companion to ride with him to the Lake. O'Leary denies the allegations in the petition, &c. On the trial below, Black offered his co-defendant, O'Leary, as a witness, on the ground that there was no testimony going to charge O'Leary in any way in the case. The court rejected the witness, on the ground that he was a party in the suit. We think the court did not err. We have carefully examined the testimony in the record, and we have not found that plaintiff has proved his allegations charging the defendants with careless and negligent management, and wilful and reckless driving of the horse. It is true that the horse died suddenly on the way, but there is no testimony showing that it was owing to the neglect and fault of the defendants.

It is a well settled rule of law, that a plaintiff must make out a clear case to support his action before a court of justice. We are of opinion that plaintiff has failed to bring his case within that rule.

It is, therefore, adjudged and decreed that the judgment of the District Court be reversed. That plaintiff's demand be dismissed, and that he pay costs in both courts.

JONES, J., absent.